RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 26a0191p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    *Plaintiff-Appellee,*

                 No. 25-3694

*v.*

JOSEPH HARRIS,

    *Defendant-Appellant.*

___

Appeal from the United States District Court for the Southern District of Ohio at Cincinnati.
No. 1:23-cr-00117-1—Jeffery P. Hopkins, District Judge.

Decided and Filed:  July 7, 2026

Before:  COLE, McKEAGUE, and BLOOMEKATZ, Circuit Judges.

___

**COUNSEL**

**ON ANDERS BRIEF:** Patrick J. Hanley, Covington, Kentucky, for Appellant. **ON RESPONSE:**  Joseph Harris, Beaver, West Virginia, pro se.

___

**ORDER**

___

  Joseph Harris pleaded guilty to possessing a firearm and ammunition as a felon.  *See* 18 U.S.C. § 922(g)(1).  The district court accepted the parties' plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) and sentenced Harris to 52 months in prison followed by three years of supervised release.  Under the plea agreement, Harris waived the right to appeal his conviction and sentence.  Still, Harris timely appealed, challenging his conviction and sentence.  Citing a lack of arguable issues on appeal, Harris's counsel has moved to withdraw and has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).  Because the brief

before us does not meet *Anders*'s requirements, we defer ruling on counsel's motion to withdraw and order counsel to file a supplemental brief that complies with *Anders*.

Counsel may withdraw under *Anders* only if he concludes that an appeal would be "wholly frivolous," i.e., that the appeal presents no legal claims "arguable on their merits." *Id.* at 744. To support his conclusion, counsel was required to prepare a brief showing that he conducted "a diligent and thorough search of the record for any arguable claim that might support the client's appeal." *McCoy v. Ct. of App. of Wis., Dist. 1*, 486 U.S. 429, 442 (1988); *see also Anders*, 386 U.S. at 744. This requirement protects the "constitutional right to appellate counsel" and "safeguard[s] against the risk of granting" motions to withdraw when "the appeal is not actually frivolous." *Smith v. Robbins*, 528 U.S. 259, 264 (2000).

Counsel has not satisfied the requirements of *Anders* here. Rather than discuss potential issues and explain counsel's view that none has arguable merit, counsel's brief instead argues that the district court erred by applying a sentencing enhancement, and asks the court to vacate and remand Harris's sentence. Notwithstanding the conclusion in his brief, counsel's motion to withdraw contains a one-sentence conclusory statement that counsel believes there are no arguable issues in this case. A document attached to the motion to withdraw states that counsel's view is based on the appellate waiver in Harris's plea agreement. But neither the motion to withdraw nor the attached document contains any reasoning, discussion of the appellate waiver or guilty plea's validity, or consideration of possible claims outside the waiver's scope. In sum, the entire written explanation for counsel's motion to withdraw is the one-sentence line in the motion and the attached document's reference to the appellate waiver. That does not suffice. *See Anders*, 386 U.S. at 744; *McCoy*, 486 U.S. at 442.

Furthermore, our independent review of the record cannot substitute for the *Anders* brief in this case. One of the purposes of the *Anders* procedure is "to vindicate the [defendant's] constitutional right to appellate counsel." *Robbins*, 528 U.S. at 273. That right would go unprotected were we to affirm the district court based solely on our own review despite a wholly deficient *Anders* brief. *See Penson v. Ohio*, 488 U.S. 75, 87–88 (1988); *Freels v. Hills*, 843 F.2d 958, 964 (6th Cir. 1988); *Pirkel v. Burton*, 970 F.3d 684, 698 (6th Cir. 2020). In short, "judicial review of the merits of the case is no substitute for the sort of adversary representation promised

under the Sixth Amendment." *United States v. Arguedas*, 134 F.4th 54, 67 (2d Cir. 2025) (citation modified).

When filing an *Anders* brief, counsel is not required to exhaust every possible issue, no matter how minor or implausible. But at a minimum, counsel must address the key issues in a case. Thus, when an *Anders* brief turns on a guilty plea and appellate waiver, defense counsel should address whether the guilty plea and appellate waiver were knowing and voluntary. *See United States v. Reyes-Arzate*, 91 F.4th 616, 621 (2d Cir. 2024); *see also Brady v. United States*, 397 U.S. 742, 748 (1970); *United States v. Toth*, 668 F.3d 374, 378 (6th Cir. 2012). Defense counsel should further address whether there are any non-frivolous claims that fall outside the waiver's scope or would potentially not be barred by the waiver due to a miscarriage of justice. *Cf. Hunter v. United States*, 608 U.S. ---, 2026 WL 1751815, at *4 (U.S. 2026). The brief in this case addresses none of these issues, and is therefore inadequate to discharge counsel's duty under *Anders*.

For the above reasons, counsel is **ORDERED** to file, within 30 days, a supplemental brief addressing whether Harris's guilty plea and appellate waiver were knowing and voluntary, as well as whether there are any claims with arguable merit that fall outside the scope of the appellate waiver or are otherwise not barred by the appellate waiver. Counsel's supplemental brief may also address any other issues he deems relevant. If counsel concludes there are no issues with arguable merit, he is directed to explain his reasoning. The supplemental brief should comply with the service and response requirements of 6th Cir. R. 12(c)(4)(C). We **DEFER** ruling on counsel's motion to withdraw until we have received his supplemental brief.

ENTERED BY ORDER OF THE COURT

*Kelly L. Stephens*

_____

Kelly L. Stephens, Clerk